UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER L. HUDAK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-cv-932 RLM-MGG |
| | ) |
| ARIELLE BRANDY and | ) |
| ST JOSEPH COUNTY | ) |
| BOARD OF COMMISSIONERS, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Jennifer Hudak was a Democratic deputy clerk at the St. Joseph County Board of Voter Registration. Arielle Brandy was her supervisor. Ms. Hudak requested leave under the Family Medical Leave Act in October 2018, and then resigned shortly after. She brings two claims, one against Ms. Brandy and the county for constructive discharge in violation of the FMLA, and one against Ms. Brandy for constructive discharge in violation of the First Amendment. The court heard oral argument on the defendants' motion for summary judgment on October 20. For the following reasons, the court grants the motion in part.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

The St. Joseph County Board of Voter Registration is run by bipartisan managers, each of whom hires two deputies. Ms. Hudak was a deputy for the Board's Democratic member, Ms. Brandy. She took the position in January 2018.

Ms. Hudak and Ms. Brandy supported different candidates for sheriff in the May 2018 Democratic primary election. Ms. Hudak supported Tim Corbett; Ms. Brandy supported William Redman. Mr. Redman won the primary and the election. Ms. Hudak says her support for Mr. Corbett in the primary came up in office conversation, and Ms. Brandy asked her how she could support a racist candidate. Ms. Hudak alleges that Ms. Brandy expressed disapproval of her support for Mr. Corbett more than once.

Ms. Hudak was diagnosed with primary biliary cirrhosis in 2011, which causes chronic fatigue. She submitted paperwork to the county for reduced hours under the FMLA on October 15, 2018. The paperwork included a

certification from her doctor that said she could only work 40 hours and 5 days per week. Ms. Hudak says that after she filed the paperwork, she realized her doctor hadn't included a restriction limiting her workdays to a maximum of 8 hours. She asked her doctor for an amended certification that also limited her no more than 8 hours per day and submitted it to the county. The county approved the revised request for FMLA leave and provided Ms. Hudak with written notice of its approval.

Ms. Brandy then provided Ms. Hudak with a "modified schedule" for October 18 through November 9. The document she gave Ms. Hudak said: "The schedule will be met with a minimum of 40 hours met, 8 hours a day, at 5 days a week minimum per your FMLA request." It also said, "Any violations of the said schedule will be subject to a job performance review." It listed time ranges on some dates that exceeded 8 hours for the day. For example, the schedule called for Ms. Hudak to work from 7:00 a.m. to 5:00 p.m. on Friday, October 19.

Ms. Hudak and Ms. Brandy disagree as to what happened after Ms. Hudak received the schedule. Ms. Brandy says that she told Ms. Hudak that she had the option to choose when to come into work during the time frames on her new schedule, as long as she met the 8-hour time limit. Ms. Hudak says Ms. Brandy told her she was required to work the hours on her schedule and would be subject to a performance review if she didn't. Ms. Hudak says that when she asked Ms. Brandy about being scheduled for too many hours under her FMLA limitations, Ms. Brandy took her to the office of Kim Kirkowitz, the county's

human resources director, who also said that Ms. Hudak must work the hours listed on her schedule or face potential disciplinary action.

Ms. Hudak says she tried to work her hours as assigned. On October 25, 2018, she arrived at work at 8:00 a.m. and told Ms. Brandy at 4:30 p.m. that she needed to leave. Ms. Hudak says that Ms. Brandy told her she couldn't leave, and that she needed to stay into the evening to do training. Two of Ms. Hudak's colleagues, Donna Fredericks and Trisha Carrico, testified in depositions that they overheard Ms. Hudak explaining to Ms. Brandy that she needed to leave for the day. Ms. Carrico testified that Ms. Brandy told Ms. Hudak she had to work that night. Ms. Hudak told Ms. Brandy she wouldn't stay, and she left. She didn't go to work on October 26, and she resigned on October 27.

Ms. Hudak's first claim is for constructive discharge in violation of the FMLA. The defendants argue that summary judgment should be granted in their favor on this claim whether Ms. Hudak proceeds on a theory of interference with FMLA benefits or a theory of retaliation under the FMLA. "An interference claim requires proof that the employer denied the employee FMLA rights to which she was entitled; a retaliation claim requires proof of discriminatory or retaliatory intent." Nicholson v. Pulte Homes Corp., 690 F.3d 819, 825 (7th Cir. 2012) (internal citations omitted). Ms. Hudak only addressed the interference theory in her response brief.

An employee with a serious health condition that makes her unable to perform the functions of her job is entitled to up to 12 weeks' unpaid leave each year under the FMLA. 29 U.S.C. § 2612(a)(1)(D); Ames v. Home Depot U.S.A.,

Inc., 629 F.3d 665, 668 (7th Cir. 2011). An employer can't interfere with an employee's FMLA rights. 29 U.S.C. § 2615(a)(1); Pagel v. TIN Inc., 695 F.3d 622, 626 (7th Cir. 2012). "To prevail on an FMLA-interference theory, the plaintiff employee must prove that: '(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled.'" Pagel v. TIN., 695 F.3d at 627 (*quoting* Makowski v. SmithAmundsen LLC, 662 F.3d 818, 825 (7th Cir. 2011)). The defendants argue that they are entitled to summary judgment on Ms. Hudak's FMLA claim because no reasonable juror could conclude that the Board and Ms. Brandy denied her benefits.

There is a genuine issue as to whether the defendants interfered with her FMLA rights. Employer interference with FMLA benefits isn't limited to denial of leave. "Interference also encompasses 'us[ing] the taking of FMLA leave as a negative factor in employment actions' and 'discouraging an employee from using such leave.'" Preddie v. Bartholomew Consol. Sch. Corp., 799 F.3d 806, 818 (7th Cir. 2015) (*citing* 29 C.F.R. § 825.220(b)-(c); Pagel v. TIN., 695 F.3d at 631)). The court must ask "whether the employer's actions would discourage a reasonable employee from taking FMLA leave." Id. at 818, n. 35.

The printed schedule Ms. Hudak received listed shifts that exceeded 8 hours, and it said that failure to comply would result in a performance review. Ms. Hudak says that both Ms. Brandy and HR Director Kim Kirkowitz told her she had to work the hours assigned or face disciplinary action. She alleges that

5

she worked 8 hours on October 25, but Ms. Brandy told her she needed to stay longer for an evening training. Accepting these facts as true and drawing all inferences in Ms. Hudak's favor, a reasonable juror could conclude that her employer discouraged her from taking leave and therefore interfered with her FMLA rights.

Ms. Hudak's second claim is against Ms. Brandy for constructive discharge in violation of her First Amendment rights. Ms. Hudak says that Ms. Brandy retaliated against her for her supporting Tim Corbett for sheriff in the 2018 primary by denying her FMLA leave. Ms. Brandy argues that she is entitled to summary judgment on this claim because Ms. Hudak hasn't shown that her support of Tim Corbett was a motivating factor in Ms. Brandy's decisions regarding her requests under the FMLA.

The First and Fourteenth Amendments protect government employees from retaliation for engaging in protected speech. Diadenko v. Folino, 741 F.3d 751, 755 (7th Cir. 2013) (*citing* Wackett v. City of Beaver Dam, Wis., 642 F.3d 578, 581 (7th Cir. 2011)). "In order to establish a First Amendment retaliation claim, a public employee must show that: (1) she engaged in constitutionally protected speech; (2) she suffered a deprivation because of her employer's action; and (3) her protected speech was a but-for cause of the employer's action." Id. The plaintiff bears the initial burden to show that her speech was at least a motivating factor in the defendant's decision-making process. Greene v. Doruff, 660 F.3d 975, 979 (7th Cir. 2011) (*citing* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

Ms. Brandy argues that Ms. Hudak doesn't have any evidence that her support for Tim Corbett in the 2018 primary was a motivating factor in any decisions regarding her FMLA leave. Ms. Hudak counters that Ms. Brandy said Mr. Corbett was racist and asked Ms. Hudak on multiple occasions how she could support him or be friends with him. Ms. Hudak says these conversations continued after Mr. Corbett lost the primary, but she doesn't specify when they occurred.

Accepting Ms. Hudak's facts as true and construing them as favorably to her as reasonably possible, she hasn't pointed to evidence from which a trier of fact could find it more likely than not that her support of Mr. Corbett was a motivating factor in any decision made about her FMLA leave. A plaintiff can produce circumstantial evidence, including evidence of suspicious timing, at the summary judgment stage to show a causal connection in a retaliation claim. Kidwell v. Eisenhauer, 679 F.3d 957, 966 (7th Cir. 2012); Long v. Teachers' Retirement Sys. of Ill., 585 F.3d 344, 350 (7th Cir. 2009) ("Circumstantial evidence may include suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other employees in the protected group."). Suspicious timing is rarely enough on its own to raise an inference of causation. Kidwell v. Eisenhauer, 679 F.3d at 966. To get past the summary judgment stage, the plaintiff must show that adverse employment action took place "close on the heels" of the protected speech, and that the person who decided to impose the action knew of the protected speech. Id. (internal citation omitted). The circuit court's definition of close on the heels is context-dependent,

but it says it "typically allow[s] no more than a few days to elapse between the protected activity and the adverse action." Id. at 966-967. Ms. Hudak's allegation that Ms. Brandy made negative or disapproving comments about her support for Mr. Corbett some time after the May 2018 primary isn't enough to meet this standard. No reasonable juror could conclude that Ms. Hudak's evidence demonstrates that her support for Mr. Corbett was a motivating factor in any of Ms. Brandy's decisions about her FMLA leave.

Accordingly, the court GRANTS the defendants' motion for summary judgment as to Ms. Hudak's claim under the First Amendment and DENIES it as to her claim under the FMLA. [Doc. No. 30].

SO ORDERED.

ENTERED: <u>  October 27, 2020  </u>

<u>  /s/ Robert L. Miller, Jr.  </u>
Judge, United States District Court